In the Matter of VILLAGE OF TARRYTOWN, Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. [2 NYS3d 172]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Industrial Board of Appeals dated February 14, 2013, made after a hearing, which affirmed a notice of violation and order to comply of the New York State Department of Labor, dated December 16, 2010, finding that the petitioner willfully violated 29 CFR 1910.146 (c) (3) and (4).

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On September 6, 2010, an employee of the petitioner's Department of Public Works (hereinafter DPW) descended into a 20-foot-deep manhole in an attempt to remedy a sewer blockage. During his descent, he lost consciousness and fell to the bottom. In an attempted rescue, one of the petitioner's volunteer firefighters also lost consciousness and fell. Both men died of asphyxiation.

Following an investigation conducted by the Public Employee Safety and Health Bureau of the New York State Department of Labor (hereinafter the DOL), the DOL issued the petitioner a notice of violation and order to comply, finding, inter alia, that the petitioner willfully violated two sections of 29 CFR 1910.146 pertaining to the protection of employees from the hazards of entry into permit-required confined spaces. The petitioner appealed the DOL's findings to the New York State Industrial Board of Appeals (hereinafter the IBA). Following a hearing, the IBA affirmed the DOL's findings that the petitioner willfully violated 29 CFR 1910.146 (c) (3) with respect to DPW employ-

ees, and 29 CFR 1910.146 (c) (4) with respect to its volunteer firefighters.

"If [an] employer decides that its employees will not enter permit spaces, the employer shall take effective measures to prevent its employees from entering the permit spaces" and shall, inter alia, warn exposed employees of the existence and location of such spaces and the danger posed by them (29 CFR 1910.146 [c] [3]; *see* 29 CFR 1910.146 [c] [2]). Further, "[i]f the employer decides that its employees will enter permit spaces, the employer shall develop and implement a written permit space program that complies with [29 CFR 1910.146]" (29 CFR 1910.146 [c] [4]).

Here, the evidence established that the petitioner was aware of the requirements of the subject regulations. Although the petitioner allegedly restricted its DPW employees from entering confined spaces, a practice existed in which its DPW employees entered such confined spaces. The evidence also showed that the petitioner did not implement a written permit space program for volunteer firefighters. In addition, the evidence demonstrated that the petitioner's management made little or no effort to communicate the requirements of the subject regulation to its lower level supervisors and employees. Thus, contrary to the petitioner's contention, substantial evidence existed in the record to support the IBA's determination that the petitioner willfully violated 29 CFR 1910.146 (c) (3) and (4) (*see* 12 NYCRR 830.2 [k] [1] [i]; [2] [i]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230 [1974]).

Accordingly, we confirm the IBA's determination, deny the petition, and dismiss the proceeding on the merits. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.